FRUGÉ, Judge.
This appeal concerns the damages plaintiff is entitled to recover from defendant, the liability insurer of an automobile owned by John D. Gerzine, which collided with another vehicle at an intersection, knocking the latter vehicle into plaintiff’s parked car. The collision insurer of plaintiff’s vehicle intervened, claiming from the defendant the amount expended by it in the repair of plaintiff’s automobile by virtue of a subrogation agreement executed in its favor by the plaintiff. The lower court awarded plaintiff, on his demand, the $100.00 deductible that he paid but disallowed the $750.00 he claimed to have lost as a diminution in value of his automobile due to the accident. His collision insurer, the intervenor, was allowed recovery for the $928.07 it expended in repairing plaintiff’s vehicle. The district court assessed all costs of the suit except plaintiff’s two expert witnesses’ fees to the defendant.
Plaintiff has appealed to this court alleging that the lower court erred in failing to allow recovery for the diminution in value of his automobile and in assessing him with the cost of his experts.
At the time of the collision plaintiff’s F-85 Oldsmobile was but a few months old with approximately 2,000 miles on the speedometer.
Defendant filed exceptions of no right of action to plaintiff’s original petition, setting *607 forth the fact that plaintiff had “assigned to. given up and otherwise subrogated Motor Insurance Corporation [plaintiff’s liability insurance carrier] to any and all rights which plaintiff may have against Western Casualty and Surety Company, less and except the deductible portion ‡ % í}í »
It is defendant’s contention that plaintiff, by a subrogation agreement, subrogat-ed all his rights against third parties to his liability carrier, except his $100.00 deductible portion, and so he has no right of action to sue for anything other than the deductible portion.
The Loss and Damage Agreement on which defendant has based its exceptions contained the following three paragraphs:
“The sole purpose of this instrument is to fix and evidence the total amount for which claim is made. This instrument is, and is intended, to be binding as to the total amount of loss or damage said to have occurred under the policy of the Motors Insurance Corporation, hereinafter referred to as the 'Corporation.’ This instrument is not an acceptance of liability by the Corporation, does not commit the Corporation to payment of said claim and does not in any sense waive any of the conditions or provisions of the policy of said Corporation.
“Furthermore, upon, in the event, and in consideration of the payment of the above amount by the Corporation, the undersigned hereby agrees to release and discharge the Corporation from any and all liability under its Policy for said loss and/or damage, and the undersigned further agrees to hold the Corporation, its successors or assigns, free and harmless from further claim for the loss described.
“Upon, in the event, and in further consideration of the payment of the above amount by the Corporation, the undersigned hereby agrees that the said Corporation shall be vested with all rights and causes of action the said undersigned has against any person, persons or Corporation whomsoever for damages to the insured property, and the undersigned agrees to execute any documents required by said Corporation in the prosecution of said rights, and the Corporation is hereby authorized and empowered to sue, compromise or settle in the undersigned’s name or otherwise.”
After a careful reading of the above paragraphs, we cannot agree with defendant that the intention of the third paragraph was to vest all the rights of the plaintiff against third parties in Motors Insurance Corporation, less his $100 deductible. Reading all paragraphs as a whole, it seems that the common intention of the parties to the “Loss and Damage Agreement” was only to fix and evidence the right that Motor Insurance Corporation had to sue for the physical damages caused to plaintiff’s car that were set out on the attached schedule, under which it was liable to pay and did so pay plaintiff under its liability insurance policy.
An insurer which is forced to pay under its contract of collision insurance, as the result of the negligence of a third party, is subrogated to the insured’s right of action to the extent of or the amount of damages it has paid. Any other amount of damages that the insured suffered not covered by his insurance has not been subrogated, and the insured is the proper party to sue the tort-feasor, as was said in the case of Motor Insurance Corporation v. Employees Liability Assurance Corporation, Ltd., La.App., 52 So.2d 311:
“ ‘Subrogation’ means substitution, not assignment or transfer.
“An insurer of an automobile against accidental collision, who pays to insured the amount of the damage, is subrogated to insured’s rights of action against third persons who may be responsible for the loss.”
There is a fine line of distinction between subrogation, and assignment. In the *608 case of subrogation, as we have here, the subrogee (Motor Insurance Corporation) is substituted for the plaintiff only for the amount it has expended for repairs which it, as the plaintiff’s insurer, is obligated by contract to pay.
Plaintiff originally asked for $750 for diminution in value caused by defendant insured’s negligence. The lower court refused plaintiff’s request for this item of damages, stating that the testimony presented was of such a “conjectural and speculative nature that the demand has not been sustained, and consequently, cannot be allowed.” Four experts testified as to the alleged depreciation in value of plaintiff’s automobile due to this collision.
Mr. Elmer Bomar, who was at the time of the trial employed by Walker Oldsmobile in Alexandria, was qualified by the plaintiff as an expert and stated that he was very familiar with plaintiff’s car, knowing the condition of it prior to the accident and the condition it was in after the accident. It was his testimony that knowing that the car had been wrecked to the extent that this vehicle had been wrecked, the car had been depreciated $500. tie stated that people are “leery of buying a car which had been wrecked and once they find it was wrecked, it’s hard to sell.” It was on this basis that he expressed his opinion as to the amount of depreciation plaintiff’s vehicle suffered.
Mr. Jack M. Butler, sales manager of Walker Oldsmobile, who handles all of the appraising of new and used cars for said company, was qualified as an expert and testified that as a conservative figure, $500 would be the amount of depreciation suffered by plaintiff due to this wreck.
The two experts testifying for defendant were Mr. W. S. Nunnally and Mr. Frederick H. Matson. Mr. Nunnally, the new car sales manager for Pierce Motor Company in Alexandria, stated on both direct and cross examination that due to the accident the automobile had depreciated $150 or possibly $200.
Mr. Frederick H. Matson, the other expert called by the defendant, was at the time of the trial the used car manager for Pierce Motor Company in Alexandria, and he testified that in his personal opinion the car would definitely bring a less amount than one that was in the original condition due to the fact that it had been in an accident and repaired. He stated that it was possible that the car could bring $200 less on the market due to the accident. He also stated, however, that the car could bring the same price as an exactly similar car which had not been in an accident.
Although the experts called by both plaintiff and defendant could not agree, as is almost impossible in such cases as this, on an exact figure, from a careful reading of their testimony this court is convinced that plaintiff’s automobile did suffer some diminution in value and this amount is not so “speculative” that he should not recover. The testimony of the experts for both plaintiff and defendant was not controverted and, we believe, furnishes a proper basis for an allowance by this court of $200.00.
Although depreciation is not often allowed, in a proper case it is a proper item of damage, as evidenced by past decisions. Hamilton v. Dalrymple, La.App. 2 Cir., 135 So.2d 536; Day v. Roberts, La.App. 2 Cir., 55 So.2d 316; Green v. Heard Motor Co., Inc. et al., La.App. 2 Cir., 63 So.2d 178; Baker et ux. v. Shreveport Railways Company, Inc., La.App. 2 Cir., 68 So.2d 228.
For the foregoing reasons, the judgment of the district court is amended to allow plaintiff $200.00 for the diminution in value suffered by his automobile as a result of the collision. In all other respects the original judgment is affirmed. Cost of this appeal and of lower court to be taxed to the defendant-appellee. See LSA-C.C.P. Art. 2164.
Amended and affirmed.