HOOD, Judge
(dissenting).
I concur in the refusal to grant a rehearing as to the demands of plaintiff Ostrow, hut I think a rehearing should be granted as to the claim of plaintiff Olson.
A further review of the facts convinces me that we erred in finding that defendant Ponthier was free from negligence. I believe now that both drivers were negligent, and that the negligence of each was a proximate and contributing cause of the accident. Plaintiff Ostrow thus is barred from recovery by his own contributory negligence, and for that reason the result reached in our original judgment is correct as to him.
I am not convinced, however, that plaintiff Olson is barred from recovery because of Ostrow’s negligence. Olson apparently had permitted his son-in-law, Ostrow, to use his car to go to work. Ostrow was not engaged on a mission for Olson, he was not an agent or employee of the latter and he was not acting under the control or direction of Olson or for his benefit at the time the accident occurred. The evidence does not show that Ostrow was a reckless or incompetent driver. Olson was not in the car at the time the collision occurred, so he is not chargeable with negligence, and my review of the evidence indicates that Ostrow’s negligence cannot be imputed to him. See Ruthardt v. Tennant, 252 La. 1041, 215 So.2d 805 (1968). It appears to me that Olson is not barred from recovery, and I believe that we at least should grant a rehearing and reconsider his claim.
Defendants contend that Olson has no right of action, since he subrogated all of his rights to Southern Insurance Company. I believe he does have a right of action in view of our holding in Baillio v. Western Casualty and Surety Company, 189 So.2d 605 (La.App.3d Cir. 1966). See also Great American Insurance Company v. Davis, 217 So.2d 675 (La.App.3d Cir. 1969).
For these reasons I respectfully dissent from the refusal to grant a rehearing as to the claim of plaintiff Olson.