HALL, Judge.
In this suit for damages arising out of an intersectional collision, the principal issue is whether plaintiff made a settlement with the negligent, uninsured driver of the other vehicle involved without the consent of plaintiff’s liability insurer so as to exclude coverage under the uninsured motorists provisions of the policy. A secondary issue is the amount of damages awarded to the plaintiff.
Plaintiff, Sally Bogan Sanford, was injured and her automobile was damaged when struck by an automobile driven by Floyd Richardson. The accident was caused by the negligence of Richardson in running a red light.
Suit was brought against Richardson, who was uninsured, and against American Employers Insurance Company under the uninsured motorists provisions of its liability policy issued to plaintiff. American Employers denied negligence on the part of Richardson, pleaded plaintiff’s own negligence as a bar to recovery, denied coverage because of the alleged settlement, and by way of third party demand, alternatively prayed for judgment over against Richardson and his mother, Ada Wesley, for the amount of any judgment rendered against it in favor of plaintiff. Richardson and his mother did not answer or defend the original suit or the third party demand.
The case was tried on the merits, and on confirmation of default as to Richardson and his mother. Richardson’s negligence was stipulated as between plaintiff and the insurance company. Additionally, evidence was offered as to the negligence of Richardson in connection with the claims against him and his mother. The district court held that plaintiff had not made a settlement without consent of the insurer within the meaning of the exclusionary provisions of the insurance policy, that there was coverage under the uninsured motorists provisions of the policy, and that plaintiff was entitled to an award of $1,000.00. Judgment was signed in favor of plaintiff against American Employers and in favor of American Employers against Richardson. American Employers’ demands against Ada Wesley were rejected. The judgment does not contain any disposition of the plaintiff’s claim against Richardson. On motion for new trial, the judgment was amended to give American Employers credit for $93.00 workmen’s compensation benefits received by plaintiff. American Employers appealed.
The coverage issue involves primarily the effect to be given to a “document” prepared and signed by plaintiff some two months after the accident. The document reads in full as follows:
“Nov. 6, 1969
“TO WHOM IT MAY CONCERN:
“Floyd Richardson owes the following amount for involvement in an automobile accident, September 11, 1969.
$100 deductible on car insurance
$43 Dr. bill (Dr. Roy S. Buey)
$25 Hospital bill (Schumpert)
$25 Shreveport Ambulance
$193.00 Total.
“Mrs. Sally B. Sanford
(Mrs.) Sally B. Sanford 3736 Linwood Ave. Apt. D Shreveport, La.
“11-6-69 Floyd Richardson has paid me $50.00 today.
He can pay by the week until total is paid.
“Mrs. Sally B. Sanford.”
American Employers contends that plaintiff entered into a settlement with Richardson without its consent and accordingly, plaintiff cannot recover because of the following exclusionary provision of the uninsured motorist endorsement to its policy:
“This endorsement does not apply:
(a) To bodily injury to an insured with respect to which such insured, a legal representative or any person entitled to payment under this endorsement *925 shall, without written consent of the company, make any settlement with the person or organization who may be legally liable therefor.”
On the other hand, plaintiff contends, and the trial judge so held, that the document did not constitute a settlement or release but was merely a receipt given by plaintiff to Richardson for her out-of-pocket costs paid by him.
Both parties to this suit are in agreement that parole evidence should be considered to determine the intent of the parties. See Moak v. American Automobile Insurance Company, 242 La. 160, 134 So.2d 911 (1961); LeBlanc v. Brou, 205 So.2d 141 (La.App. 1st Cir. 1967) ; and Great American Insurance Company v. Davis, 217 So.2d 675 (La.App.3d Cir. 1969).
The evidence discloses that Richardson was charged with running a red light, operating a vehicle with defective brakes and not having a driver’s license. According to Richardson and his mother, when his case came up in city court the judge asked Richardson, who pleaded guilty, if he had made any arrangements with the other party involved in the accident and suggested that he do so. Richardson’s mother was present in court and asked the judge for the name of the other party. She recognized the plaintiff’s name since plaintiff had been her welfare field agent for some period of time and had visited in her home on numerous occasions. The mother so advised the judge, told him she would get in touch with plaintiff, and sentence was postponed. The mother contacted plaintiff and conveyed the impression that her son would get a jail sentence unless she could get a statement that her son was paying the expenses of the accident. Plaintiff testified she knew Richardson was not in a position to pay all of the expenses (particularly the some $1,300.00 paid by the insurance company under its collision coverage), but she thought he could pay her $100.00 deductible and medical and ambulance bills of $93.00. She testified she did not want to see Richardson go to jail and, on the day he was to go back to court, prepared and signed the statement in question. She was paid $50.00 that day and Richardson subsequently paid the balance.
Plaintiff testified she did not intend to release Richardson from all claims, she did not know what the collision insurer would do about its subrogation claim, and she did not know her bodily injury claim was involved in her dealings with Richardson and his mother. At one point on cross examination plaintiff did, however, testify:
“Q. Isn’t it a fact, Mrs. Sanford, that you agreed to release Floyd Richardson for this amount of $193.00 and so told Floyd Richardson and Aida Wesley?
“A. Yes, I did. I didn’t want the boy to go to jail, either.”
Richardson’s mother testified plaintiff said she would be “satisfied” with the $193.00 payment and she thought plaintiff had been satisfied.
The trial judge, after hearing the witnesses and reviewing the entire record, concluded the intent of the parties was primarily to keep Richardson from going to jail and there was no intention to conclude a full and final settlement. The trial judge concluded the document in question was not a total or full release, but was merely a “memorandum” and “no more than a receipt,” given for the purpose of helping Richardson out. We find no manifest error in these conclusions of the trial judge and agree with these conclusions based on our independent review of the record.
The document itself does not purport to be a settlement or compromise or release of all claims plaintiff may have had against Richardson. It merely sets out the specific out-of-pocket expenses which plaintiff considered were owed by Richardson, acknowledges partial payment of $50.00 therefor, and provides that the balance could be paid weekly. The docu *926 ment does not contain the words “settlement” or “release” or “compromise” or any other words of similar import. No mention is made of plaintiff’s claims other than the expenses specifically itemized. The statement is addressed “To Whom It May Concern” — not to Richardson — which further indicates the primary purpose of the document was for presentation to the city judge in connection with the traffic violation charges pending against Richardson.
The purpose of the exclusionary provision in the uninsured motorist coverage is to protect the insurer in its subro-gation rights against the tort-feasor and also to eliminate a motive for collusive cooperation between the insured and the tort-feasor where there has been a settlement between the insured and the tort-feasor. In this case, the uninsured motorist insurer has not been prejudiced in any way in that it still has its full rights of subrogation and the tort-feasor’s incentive to resist plaintiff’s claim for bodily injuries still exists.
Closely in point is Great American Insurance Company v. Davis, supra. There Bowman was paid $122.00 by Davis representing her $100.00 deductible and a $22.00 wrecker fee. Bowman signed a receipt or alleged release as follows:
“9/6/66
Received for a wreck $122.00 from Dan Davis.
Mrs. Julia Bowman.”
The court held the parties did not intend a general release of all liability but only a receipt for out-of-pocket expenses. Bowman’s collision insurer was allowed to collect from Davis the balance of cost of repairs under its subrogation agreement over Davis’ claim that the document constituted a transaction or compromise of all claims arising out of the accident.
In Moak v. American Automobile Insurance Company, supra, the court held a broad, general release executed by plaintiff was without effect insofar as plaintiff’s personal injury claim was concerned where the evidence showed plaintiff did not intend to grant a general release of all claims but intended only to settle a claim for destroyed personal effects valued at $242.00, the amount paid by the insurance company.
Pertinent here are the provisions of LSA-Civil Code Article 3073 dealing with the scope of a transaction or compromise:
“Transactions regulate only the differences which appear clearly to be comprehended in them by the intention of the parties, whether it be explained in a general or particular manner, unless it be the necessary consequence of what is expressed; and they do not extend to differences which the parties never intended to include in them.
“The renunciation, which is made therein to all rights, claims and pretensions, extends only to what relates to the differences on which the transaction arises.” (Emphasis supplied)
American Employers cites three cases in which the court held there was no coverage under the uninsured motorist provisions of the insurance policy because the insured had made a settlement without the consent of the insurer. LaBove v. American Employers Insurance Company, 189 So.2d 315 (La.App.3d Cir. 1966); Griffin v. Aetna Casualty and Surety Company, 189 So.2d 324 (La.App.3d Cir. 1966); and Bonnecaze v. Hamrick, 221 So.2d 638 (La.App.4th Cir. 1969). Each of these cases is distinguishable from the instant case. In LaBove and Griffin the insured executed a broad, general release of the tort-feasor from any and all claims arising from the accident and, as between the insured and the other party, the intent to grant a full and final settlement of all claims was clear. The document involved in the instant case does not contain any such language and the weight of the evidence negates such an intent on the part of the parties. In Bonnecaze, the other party to *927 the accident promised to pay plaintiff a substantial sum of money and, on the basis of correspondence and forms signed by the parties and their attorneys, the court held that a compromise of all claims had been made.
Defendant also cites cases where the court refused to set aside documents containing specific release language because of alleged error. These cases are not applicable because we are not here concerned with error, but only with the intent of the parties as evidenced by the instrument itself and the circumstances surrounding the execution of the instrument.
We hold that plaintiff did not make a settlement of her bodily injury claim within the meaning of the exclusionary clause of the insurance policy and that the policy does, therefore, afford coverage.
Defendant also contends that even if the document signed by plaintiff does not amount to a compromise under LSA-Civil Code Articles 3071-3078, it nevertheless constituted a complete accord and satisfaction as that doctrine has been applied in Louisiana, or a remission of debt under LSA-Civil Code Article 2199. Regardless of which of these theories may or may not be applicable, our holding is that the parties did not intend to and did not deal with plaintiff’s bodily injury claim and, therefore, there was no settlement, transaction, compromise, accord and satisfaction or remission of debt in connection therewith.
Finally, American Employers urges that the award of $1,000.00 for plaintiff’s relatively minor injuries is excessive. Plaintiff was shaken up in the accident and sustained bruises, contusions and a laceration of the leg which required sutures and will leave a slight scar. We find no error in the amount of the award.
For the reasons assigned, the judgment of the district court is affirmed.
Affirmed.