407 P.2d 777

**HAROLD LAZ ADVERTISING COMPANY, Inc., a corporation, Appellant,**

**v.**

**William I. DUMES, Appellee.**

**No. 2 CA–CIV 186.**

Court of Appeals of Arizona.

Nov. 17, 1965.

Rehearing Denied Jan. 4, 1966.

Review Denied Feb. 16, 1966.

Johnson, Darrow, D'Antonio, Hayes & Morales, by J. Mercer Johnson, Tucson, for appellant.

Dowdall, Harris & Brown, by Richard J. Dowdall, Tucson, for appellee.

MOLLOY, Judge.

On December 17, 1962, William Dumes was granted a judgment against the Harold Laz Advertising Company and the individuals, Edward W. Powers, Jr., and Diane Powers, in an action for breach of contract. The decree of the Superior Court of Pima County declared in part:

"1. That plaintiff is hereby granted Judgment against the defendants, Harold Laz Advertising Company, Inc., Edward W. Powers, Jr., and Diane Powers, husband and wife, in the sum of $10,900 for breach of the employment contract.

"2. That plaintiff is granted Judgment for 35% of the stock of defendant, Harold Laz Advertising Company, Inc., and that *defendants, Edward W. Powers, Jr., and Diane Powers, hus-*

band and wife, are ordered to surrender to the plaintiff the 35% of said stock, or to pay the plaintiff its equivalent value within 15 day___ of the date hereof." (Emphasis added.)

The decree of judgment incorporated findings of fact and conclusions of law including the following:

Finding of Fact No. 20: "That *Powers* on May 1, 1961, converted to his own use the stock of Harold Laz Advertising Company, Inc., to which Dumes was entitled." (Emphasis added.)

Conclusion of Law No. 2D: "Plaintiff herein is entitled to receive under the terms of the contract, dated July 17, 1959, 35% of the stock of the Harold Laz Advertising Company. *Defendant Powers is ordered to surrender to the Plaintiff 35% of the stock in the Harold Laz Advertising Company or pay its equivalent value.*" (Emphasis added.)

On March 11, 1964, an order was issued requiring the Harold Laz Advertising Company to show cause why it should not be required to transfer 35% of its stock to Dumes. After argument, the Superior Court of Pima County made a minute entry (October 20, 1964) and subsequently entered judgment (December 4, 1964) as follows:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiff's Order to Show Cause is hereby granted, and that Harold Laz Advertising Company is ordered to turn over to plaintiff 35% of its stock as set forth in the Judgment of December 18, [sic] 1962, and that defendants are in contempt of this Court, and may purge themselves of their said contempt by turning over the said stock to plaintiff within ten (10) days of the date of this Order."

■ This is an appeal from the judgment of December 4, 1964, which by its terms altered the judgment of December 17, 1962. The original judgment ordered the individual defendants to "* * * surrender to the plaintiff *the* 35% of said stock * * *" (emphasis added), or, alternatively, to pay its value to the plaintiff. The subsequent judgment ordered the *corporate defendant* to turn over 35% of its stock to the plaintiff "* * * as set forth in the Judgment of December 18, [sic] 1962. * * *"

The appellant Harold Laz Advertising Company contends that the trial court erred in amending a final judgment two years after it was rendered.

■ Finality is a virtue in judicial proceedings, the policy being to neither promote litigation nor extend it beyond the necessities of justice. There are circumstances which demand alteration, and they have been provided for. Rule 59(*l*) of the Rules of Civil Procedure, 16 A.R.S. permits a reasonable objection to be considered:

"A motion to alter· or amend the judgment shall be served not later than ten days after entry of judgment."

For the foregoing reasons of policy the terms of the rule must be strictly followed. *Fernandez v. Garza*, 88 Ariz. 214, 354 P.2d 260 (1960).

■ Additional relief is provided by Rule 60(a), which allows the correction of clerical mistakes. The alteration in judgment involved in the present case cannot, however, be denominated a "clerical mistake."

Generally, as to amendments of judgments, the law is as stated in 49 C.J.S. Judgments § 436, p. 862:

"The legal operation and effect of a judgment must be ascertained by a construction and interpretation of its terms, and this presents· a question of law for the court. If the language used in a judgment is ambiguous there is room for construction, *but if the language employed is plain and unambiguous there is no room for construction or interpretation, and the effect thereof must be declared in the light of*

*the literal meaning of the language used."* (Emphasis added.)

It is the opinion of this court that the language of the judgment of December 17, 1962 is unambiguous, and clearly requires the individual defendants, not the corporate defendant, appellant herein, to transfer the stock to the plaintiff.

The following general statement in 49 C.J.S. Judgments § 250, p. 464 is pertinent:

"A judgment once entered must be corrected, if irregular or erroneous, by some proper proceeding for that purpose; it cannot be merely disregarded and the proper judgment entered anew. A judgment once regularly signed or entered may be modified or altered by the court which entered it only in the manner, if any, prescribed by statute."

The trial court had no authority to substantially amend an unambiguous judgment two years after rendition. The judgment of December 4, 1964 must be vacated.

Judgment vacated.

KRUCKER, C. J., and HATHAWAY, J., concurring.