415 P.2d 135

**Joseph WEBER and Doris Weber, his wife, Appellants,**

v.

**Elizabeth BATES, also known as Elizabeth Bates Counter, Appellee.**

**1 CA–CIV 146.**

Court of Appeals of Arizona.

June 9, 1966.

Rehearing Denied June 27, 1966.

Review Denied Sept. 27, 1966.

Dushoff, Sacks & Corcoran, by Seymour Sacks, Phoenix, for appellants.

Herbert Mallamo, Phoenix, for appellee.

STEVENS, Chief Judge.

The appellee was the plaintiff in the Superior Court and recovered judgment against the appellants on each of two promissory notes, the judgment following the entry of an order granting the plaintiff's motion for summary judgment. The parties will be referred to as in the Superior Court. Mrs. Weber did not take part in any of the negotiations leading up to the signing of the notes, these having been signed by Mr. Weber only and we will refer to Mr. Weber as the defendant.

The attorneys who represent the appellants in this Court did not represent them in the Superior Court. The attorney who represents the appellee in this Court did not file the complaint or present her initial motion for summary judgment. He was substituted as her attorney of record prior to the time of the taking of the deposition of the defendant, and has so continued through the second or successful motion for summary judgment as well as this ap-

peal. We find no reason to review the record in relation to the order which denied the first motion for summary judgment.

The Rules of Civil Procedure are found in Volume 16 of the Arizona Revised Statutes and Rule 56 thereof relates to motions for summary judgment. Rule 56(c) as amended, authorizes the granting of a motion for summary judgment if the file,

"* * * show(s) that there is no genuine issue as to any material fact" and "that the moving party is entitled to a judgment as a matter of law."

In reviewing a ruling granting a motion for summary judgment, the record is construed in the light most favorable to the party opposing the motion. Arizona Coffee Shops, Inc. v. Phoenix Downtown Park. Ass'n., 95 Ariz. 98, 387 P.2d 801 (1963). Not every record which discloses disputed facts precludes the entry of a summary judgment if the disputed facts fail to negative the right of the prevailing party "to a judgment as a matter of law". It is necessary to view the affidavits and depositions in support of the motion for summary judgment in the light of the admonition contained in Rule 56(e), as amended, wherein it is stated that:

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

As stated in State Automobile & Casualty Underwriters v. Engler, 90 Ariz. 321, 324, 367 P.2d 665 (1961):

"It is often extremely difficult to draw the fine distinction between a statement of a legal conclusion and a statement of an ultimate fact."

The record reflects the following facts:

The defendant signed each of two promissory notes wherein the plaintiff was the payee, one note being in the principal sum of $3500 and the other in the principal sum of $3000. The defendant was a client of W. Francis Wilson. Both men were engaged in a joint enterprise in the development of a vineyard. The defendant had advanced funds over and above his capital commitment. Wilson had not furnished his full portion of the capital in connection with the development.

The plaintiff was also a client of Wilson and the plaintiff entrusted money to Wilson's care which he maintained in his trust account. With the plaintiff's authority, Wilson invested this money on her behalf.

The sworn answer of the defendant asserts, and the same is not controverted, that Wilson informed the defendant that he had funds of the plaintiff,

"* * * and that these funds could be acquired for the purpose of producing the capital needed to be advanced by the said W. FRANCIS WILSON if the defendant JOSEPH WEBER would sign a note, under the conditions that such procedure was approved by the plaintiff and that defendant JOSEPH WEBER would never become obligated to pay said note * * *.

"That, relying on the said W. FRANCIS WILSON, he being their attorney and business associate, the defendant JOSEPH WEBER did sign a note * * *. That the funds derived by and through said transaction were paid for irrigation development in connection with the above mentioned vineyard, and that said W. FRANCIS WILSON was given credit for capital advanced."

The Wilson affidavit stated in part:

"* * * that, acting at her direction and request, affiant did, on the 23rd day of March, 1960, loan to JOSEPH WEBER, Defendant in the above-entitled action, the sum of $3,500.00; that in return therefor, he received a promissory note executed by the said JOSEPH WEBER, a photographic copy of which is attached hereto as Exhibit 'A';

"That, acting under the same directions as above set forth, affiant did, on the

19th day of April, 1960, loan to the said JOSEPH WEBER the sum of $3,000.00, and in return therefor, he received a promissory note executed by the said JOSEPH WEBER, a photostatic copy of which is attached hereto as Exhibit 'B'; * * *."

Bearing in mind the admonition of Rule 56(e), we quote the following additional portion of the sworn answer of the defendant:

"* * * That these defendants nor either of them derived any benefit whatsoever from the proceeds of said note, and said note was executed without any consideration whatsoever. That the defendant JOSEPH WEBER assumed that the notes had been paid by said W. FRANCIS WILSON as originally agreed, with the full knowledge and acquiescence of the plaintiff."

The defendant's affidavit states in part:

"* * * That the plaintiff was aware of and approved the transaction and knew that W. FRANCIS WILSON was the recipient of the benefit and was to repay the money."

In our opinion, it is not material to this cause that the defendant "assumed that the notes had been paid by * * * WILSON".

There is no showing in the record that the defendant was qualified to testify that the claimed agreement with Wilson whereby Wilson was to pay was "with the full knowledge and acquiescence of the plaintiff" or "that the plaintiff was aware of and approved the transaction and knew that * * * WILSON was the recipient of the benefit and was to repay the money". In any event, these matters would not be a defense to the demand for payment of the notes if it be that the defendant received a consideration.

Is the statement:

"That these defendants nor either of them derived any benefit whatsoever from the proceeds of said note, and said note was executed without any consideration whatsoever",

a mere conclusion of the affiant-defendant, or is it a statement of the ultimate fact? A like statement was made with reference to each note. We must examine the record. It is our opinion, that it is a mere conclusion and it appears that the trial judge must have entertained the same opinion. The deposition of the defendant persuades us to the fact that the above quoted portion of the affidavit is a mere conclusion. In his deposition, he acknowledged that $6500 of the plaintiff's money was placed in his checking and savings accounts, these being accounts in relation to which Wilson had no authority to make withdrawals. He acknowledged that the money was credited to Wilson's capital fund account in the joint enterprise and in our opinion, this is a benefit to the defendant. He acknowledged that the money was used for needed irrigation development in connection with the vineyard and in our opinion, this was for the benefit of the defendant. It is urged that when the defendant stated in his deposition that the placing of the money in his bank account was "as a vehicle of conveyance" this conclusively established a lack of consideration. It appears to us, however, that this is a conclusion on his part for immediately thereafter he admitted that the full $6500 was deposited in accounts over which he had control; that $3000 is still a credit to his savings account although a sum equal thereto was deposited by the defendant in the bank account and expended for the benefit of the vineyard. The deposition of the defendant was taken on 15 October 1964, all affidavits having been executed before that date. The motion for summary judgment was filed on 19 November 1964, and it was argued on 5 February 1965. No affidavits of the plaintiff are on file nor was her deposition taken.

Wilson was not a party to the action and we are not called upon to comment upon

the interrelationship or obligation which may exist as between Wilson and the defendant.

The judgment is affirmed.

CAMERON and DONOFRIO, JJ., concur.