423 P.2d 141

Russell J. MADSEN and Marjorie G. Madsen, husband and wife, Appellants,

v.

Merlin FISK, dba Fisk Realty, Appellee.

I CA–CIV 280.

Court of Appeals of Arizona.

Jan. 31, 1967.

Rehearing Denied Feb. 24, 1967.

Johnson, Shelley, Roberts & Riggs, by J. LaMar Shelley, Mesa, for appellants.

Stevenson, Warden & Smith, by Robert W. Warden, Flagstaff, for appellee.

STEVENS, Judge.

The issue before us relates to the decision of the trial court sustaining the real estate broker's motion for summary judgment granting a commission.

Merlin Fisk is a duly licensed real estate broker. He was the successful plaintiff in the trial court. Russell J. Madsen and Marjorie G. Madsen, his wife, owned a motel in Flagstaff at the time in question. They were the unsuccessful defendants in the trial court and will hereinafter be referred to as "Madsen". Douglas O. Fox and Dorothy I. Fox, his wife, owned some apartment properties in Phoenix. They will hereinafter be referred to as "Fox". Fox was the prospective buyer of the motel. There are many facts and circumstances set forth in the record which, in our opinion, need not be set forth in this decision.

Fisk and Madsen first became acquainted in late 1963. Madsen was interested in buying and selling properties and in exchanging properties. Prior to the transaction in question, Fisk, in his capacity as a broker, represented Madsen in several real estate transactions. In February 1964, Madsen acquired the motel utilizing Fisk's services. Madsen then listed the motel with Fisk. This listing is not in issue and is not the writing upon which Fisk bases his claim for compensation.

Through Fisk, Fox became interested in acquiring the motel. Fisk contrived a complex contract to be entered into between Madsen and Fox. After Fisk conferred separately with Madsen and Fox, Fisk contacted an attorney for Madsen who drafted an "agreement for sale of real property". Madsen was therein set forth as the seller and Fox as the buyer. At that time there

were mortgage liens of record against the motel. Under the agreement Fox was to secure a new mortgage on the motel for not to exceed $148,000 contingent upon an appraisal of at least $185,000 by a qualified A.S.A. appraiser. The mortgage money was to be used to pay off the motel's liens and to enable Fox to make a cash down payment. The unpaid balance of the purchase price would be represented by second paper payable to Madsen.

For the purpose of enabling Fox to negotiate for the mortgage, and pursuant to the agreement for sale, Madsen deeded the motel to Fox who was placed in possession under certain agreed conditions. The agreement allowed Fox 60 days to complete his financing and provided that if the same were not completed, a Fox deed, placed in escrow, would be delivered to Madsen who would then return to possession. Fox in turn deeded the apartment properties to Madsen who was entitled to possession under the agreement. In the event that Fox was unable to complete the purchase, Madsen was privileged to retain the apartment properties. The foregoing agreement was modified by two supplements not material to this opinion.

Madsen did not meet Fox prior to the time that Fox signed the agreement for sale. After the agreement for sale and the first supplement were prepared, and prior to the time that Fox signed the documents, Fisk prepared and presented the Broker's agreement in question to Madsen. There was some conversation between Madsen and Fisk prior to the time that Madsen signed this document. The signed broker's agreement is as follows:

### "EXCHANGE COMMISSION AGREEMENT

The undersigned are the owners of the following described property:

SKYLINE MOTEL, 1526 East Santa Fe, Flagstaff, Arizona

It is hereby agreed that in the event of Merlin Fisk, Fisk Realty, 2912 East Thomas Rd., Phoenix, Arizona, con-

sumating an exchange of the above property on any terms agreed upon, that the undersigned will pay them a fee for their services in the amount of Eleven Thousand One Hundred 00/100 Dollars ($11,100.00).

Dated this 26th day of August, 1964.
RUSSELL J. MADSEN
MARJORIE G. MADSEN"

After Fox and Madsen signed the agreement for sale an escrow was established with a title company in Flagstaff. The escrow instructions were signed by Fox and Madsen. These instructions contained the following indicating that the broker's commission obligation rested with Madsen.

SELLER BUYER
"Licensed Broker's commission in the amount of $11,100.00 to Fisk Realty, X 2912 E. Thomas "

Fox went into possession and the deed from Madsen to Fox was recorded. Almost immediately thereafter a $45,000 judgment against Fox was recorded, the judgment creditor not being a party to the transaction in question. Fox was not able to complete the mortgage arrangements even though an appraisal in the amount contemplated was potentially available. There were other areas of the agreement for sale relative to the Fox management of the motel and the maintenance thereof which were not observed. Madsen eventually recovered possession of the motel, the Fox deed back was recorded and Madsen incurred expenditures in his efforts to restore the motel to the position it occupied prior to the agreement for sale.

Fisk sued Madsen for his claimed $11,100 commission. The depositions of Fisk and Madsen were taken as adverse parties on cross-examination. Both parties moved for summary judgment. The trial court had for its consideration the exchange commission agreement, the agreement for sale of real property, the two supplements to the agreement for sale, the escrow instructions, the depositions of Fisk and Madsen and a Fisk affidavit. The Fisk affidavit referred

to the several documents which had been executed and concluded,

"* * * that said instructions accurately represent the final agreement of the parties to the transaction, to the effect that there was a firm contract when the Second Supplement to Agreement was executed and affiant had earned the commission provided in the Exchange Commission Agreement."

The guiding principles relative to motions for summary judgment are found in Rule 56, Rules of Civil Procedure, 16 A.R.S. Arizona's Rule 56 is similar to Rule 56 of the Federal Rules of Civil Procedure. Rule 56, insofar as it has a direct bearing on the problem now before this Court, was amended effective 1 June 1963. The amended sections of the Rule, in part, are as follows:

"56(c) Motion and proceedings thereon. * * * The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to a judgment as a matter of law. * * *"

"56(e) Form of affidavits; further testimony; defense required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. * * *"

We will first discuss the Fisk affidavit. At times it is difficult to draw the fine line of distinction between a statement contained in an affidavit which is a mere conclusion and a statement which is to be construed as an ultimate fact. State Automobile & Casualty Underwriters v. Engler, 90 Ariz. 321, 367 P.2d 665 (1961) and Weber v. Bates, 3 Ariz.App. 420, 415 P.2d 135 (1966). In light of the matters set forth in the depositions, we have no difficulty in classifying the Fisk affidavit as a mere statement of conclusions. In Weber, we stated: (Page 422 of 3 Ariz.App. p. 137 of 415 P.2d.)

"It is necessary to view the affidavits and depositions in support of the motion for summary judgment in the light of the admonition contained in Rule 56(e), * * *."

This rule requires personal knowledge and a showing that the affiant is competent to testify as to the matters. In Weber we also cited the rule which provides that:

"In reviewing a ruling granting a motion for summary judgment, the record is construed in the light most favorable to the party opposing the motion. Arizona Coffee Shops, Inc. v. Phoenix Downtown Park Ass'n, 95 Ariz. 98, 387 P.2d 801 (1963)."

If it be that no evidence can be received in relation to the meaning of the exchange commission agreement, then the suit must be resolved in favor of Madsen for the reason that the agreement for sale was a sales agreement and not an exchange agreement. The depositions contained testimony by both Fisk and Madsen that the exchange commission agreement related to the agreement for sale. Both parties testified as to their respective understanding relative to the circumstances under which Fisk became entitled to his commission. Their testimony was contradictory. The depositions do not disclose that objections were made in relation to this parol evidence at the time the depositions were taken. We are unable to anticipate whether objections would be made if the depositions were presented in a trial on the merits. In this connection it is interesting to note that Rule 26, subsec. d(2), Rules of Civil

Procedure, 16 A.R.S., permits the use of the depositions of adverse parties "for any purpose". To enable Fisk to prevail, the exchange commission agreement must be modified by changing the words "an exchange" to the words "a sale". The exchange commission agreement does not provide for the payment of a commission in the event of "consummation of the sale" as was the situation in the California District Court of Appeals case of Cochran v. Ellsworth, 126 Cal.App.2d 429, 272 P.2d 904 (1954), in that the document we have under consideration uses the additional words "in the event of Merlin Fisk * * * consummating".

 It is urged that upon the signing of the agreement for sale Fisk earned his commission. In our opinion, the broker's entitlement to his commission must be examined in the light of the agreement for sale. This was a sale conditioned upon Fox's ability to secure the necessary financing. The hearsay evidence in the deposition indicates that he was unable to do so. It would also appear that this evidence establishes an absence of "consummating".

■ Fisk further urges that the above quoted provisions in the escrow instructions establish his entitlement to the commission. Escrow instructions are not a contract and are, at most, evidence of a contract with respect to the subject. Young v. Bishop, 88 Ariz. 140, 353 P.2d 1017 (1960).

■ It is our opinion that there are disputed facts and evidentiary problems which make the granting of the Fisk motion for summary judgment error. It is our opinion that we are not in a position in this appeal to rule on the Madsen motion for summary judgment. In view of the fact that this cause appears to be one which will require a trial on the merits, it might be well for the trial court to carefully consider the full meaning of the word "able" in the time honored phrase "ready, willing and able" so often found in cases relating to broker's commissions.

This cause is reversed with instructions to vacate the judgment in favor of Fisk, to vacate the order granting the Fisk motion for summary judgment and for further proceedings consistent with this opinion.

CAMERON, C. J., and DONOFRIO, J., concur.