452 P.2d 519

**H. S. HACKIN and Charlotte E. Hackin, his wife, Appellants,**

v.

**H. Eugene RUPP and Betty Rupp, his wife, dba Central Plumbing Supply Company, Appellees.**

**No. I CA–CIV 643.**

Court of Appeals of Arizona.

March 17, 1969.

Rehearing Denied April 16, 1969.

Review Denied May 13, 1969.

Charles S. Pizzo, Phoenix, for appellants.

Giles, Zielinski & Thur, by Richard R. Zielinski, Scottsdale, for appellees.

KRUCKER, Judge.

On June 19, 1962, H. Eugene Rupp and Betty Rupp, his wife, dba Central Plumbing Supply Company, filed action No. 139377 in the Superior Court of Maricopa County against "H. S. Hackin and Charlotte Hackin, husband and wife, dba Hackin Plumbing and Heating Co." and open account for merchandise asking judgment in the amount of $8,088.42 and alleging that the obligation was a community debt of H. S. Hackin and Charlotte Hackin.

Kaufman and Broad Homes, Inc., was garnisheed and answered admitting its debt to Hackin in the sum of $8,088.42.

On February 21, 1962, in a trial with attorneys for both plaintiffs and defendants present, judgment was entered against the defendants and against the garnishee for $8,088.42, and costs of $127.00, which judgment was approved as to form by attorneys for the defendants H. S. Hackin and Charlotte Hackin, dba Hackin Plumbing and Heating Co. Subsequently, the judgment against the garnishee Kaufman and Broad Homes, Inc. was set aside.

Mr. and Mrs. Hackin filed action No. 158877 in the Superior Court of Maricopa County on February 17, 1964, against Rupp and wife, dba Central Plumbing and Supply Co., to set aside the judgment in cause No. 139377. They alleged that the obligation was not owed by the Hackins individually but was entirely owed by Hackin Plumbing and Heating Co., a corporation. They further alleged that Hackins had a good defense which they did not assert because of their belief that a personal judgment would not be taken against them.

Appellees, Rupps (defendants in No. 158877 and appellees herein) filed a motion for summary judgment. Answer to the motion was filed and after a hearing, the motion for summary judgment was granted and judgment entered in favor of appellees on April 4, 1967. Appeal is taken from that judgment.

The questions presented in this appeal are two:

1. Did the court err in granting summary judgment in an action wherein the sole relief sought is to obtain relief from a judgment?

2. Did the court err in granting summary judgment wherein there is oral conflict as to an agreement leading up to a consent judgment from which relief is sought and wherein it is contended the judgment from which relief is sought is manifestly unjust and ambiguous as to the extent of liability?

## RELIEF BY SUMMARY JUDGMENT IN AN ACTION FOR RELIEF FROM A JUDGMENT.

Appellants state that they could have sought to correct the judgment by a motion under Rule 60(c), Rules of Civil Procedure, 16 A.R.S., and that a motion for summary judgment would not be applicable; that instead of such a motion they sought to obtain relief from a judgment by independent, separate action, and not asserting a claim, counterclaim, cross-claim or declaratory judgment, summary judgment is not appropriate in this proceeding. Rule 56(b), Rules of Civil Procedure, 16 A.R.S.

Appellants do assert a claim, alleging "for its claim for relief plaintiffs allege." There is no authority cited that a summary judgment will not lie for the relief sought by the plaintiffs in their action. It was certainly not the intention of the Rules to grant a trial on the merits when there was no genuine fact issue or where a claim may be frivolous.

## DID THE COURT ERR IN GRANTING SUMMARY JUDGMENT WHERE THERE WAS A DISPUTE AS TO THE ORAL AGREEMENT LEADING TO A CONSENT JUDGMENT?

Appellant claims a genuine issue of fact as to the negotiations leading up to the consent judgment, and that the consent judgment is inequitable and ambiguous. An examination of the judgment (in action No. 139377) shows no ambiguity whatever—the judgment is clear on its face.

We must look at Rule 80(d), Rules of Civil Procedure, 16 A.R.S., which provides:

"Agreement or consent of counsel or parties. No agreement or consent between parties or attorneys in any matter is binding *if dispute*, unless it is in writing, or made orally in open court, and entered in the minutes." (Emphasis supplied)

This rule, or a similar rule, seems to prevail generally in this country. The rea-

**356**

son for such rules is expressed in 83 C.J.S. Stipulations § 4, at p. 4:

> "The rule requiring stipulations to be reduced to writing was adopted to prevent fraudulent claims of oral stipulations, and to prevent disputes as to the existence and terms of agreements and to relieve the court of the necessity of determining such disputes, which it has been said are often more perplexing than the case itself. The time of the court should not be taken up on controversial matters of this character."

■ It will be noted that Arizona Rule 80(d) contains the words "if disputed" and this Rule must be strictly construed. Mozes v. Daru, 4 Ariz.App. 385, 420 P. 2d 957 (1966) (review denied February 3, 1967). Giving effect to Rule 80(d), the court cannot look to an oral agreement on which the judgment of the first action is allegedly predicated where there is a dispute as to this oral understanding and there has been no compliance with Rule 80(d). Behrens v. Behrens, 186 S.W.2d 697 (Tex. Civ.App.1945).

In *Behrens,* the judgment was reversed by the Texas court because the alleged oral agreement was not made in open court and entered of record nor purported to be in writing.

The real dispute in this case is whether there was on oral agreement between the parties and whether the judgment in the first case should have been limited. Appellant says there was such an agreement and the appellees say there was no such agreement. Failure to comply with Rule 80 (d) prevents going into this after judgment.

■ The fact that there may be disputed facts as to this point does not negative the right of the moving parties to judgment as a matter of law, and likewise entitle them to summary judgment. Rule 56(c), Rules of Civil Procedure, 16 A.R.S.; Weber v. Bates, 3 Ariz.App. 420, 415 P.2d 135 (1966) (review denied, June 27, 1966).

The judgment in the prior case is clear and unambiguous on its face. As stated in

Harold Laz Advertising Co. v. Dumes, 2 Ariz.App. 236, 407 P.2d 777 (1965) (review denied, January 4, 1966):

> "Finality is a virtue in judicial proceedings, the policy being to neither promote litigation nor extend it beyond the necessities of justice. * * *" 2 Ariz. App. at 237, 407 P.2d at 778.

Looking at the entire record, we find no error and the judgment of the trial court is affirmed.

MOLLOY, C. J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12-120, subsec. E.