454 P.2d 873

Roger SCHENKS, by his guardian ad litem, Arvel B. Schenks; Albert Munsch, by his guardian ad litem, Betty A. Munsch; Carlos Gonzales, by his guardian ad litem, Rose C. Gonzales, Appellants,

v.

EARNHARDT FORD SALES COMPANY, an Arizona corporation, Appellee.

I CA–CIV 721.

Court of Appeals of Arizona.

May 27, 1969.

Charles M. Wilmer, Phoenix, for appellants.

M. B. Moseley, Phoenix, for appellee.

CAMERON, Judge.

Plaintiffs sued Earnhardt Ford Sales Company, an Arizona corporation, and others for personal injuries suffered by plaintiffs in an automobile accident. Defendant, Earnhardt Ford, moved for summary judgment pursuant to Rule 56(b), Rules of Civil Procedure, 16 A.R.S. From summary judgment in favor of defendant, the plaintiffs appeal. We are called upon to determine whether there was a sufficient conflict in the evidence to make the granting of summary judgment error.

Construing the record in the light most favorable to the plaintiffs, Madsen v. Fisk, 5 Ariz.App. 65, 423 P.2d 141 (1967), the following facts are necessary for a determination of this matter on appeal.

In February of 1966 Larry Sanders was employed by the defendant, Earnhardt Ford Sales Company, as Assistant Service Manager. According to Sanders' deposition he was asked by Billy C. Speights, the Service Manager of defendant, to take some Boy Scouts on an outing Friday, the 18th of February. Mr. Speights designated the car Sanders was to drive which was an automobile owned and used by the defendant. Also going with Sanders was Mr. Gary Bossey who was an Assistant Parts Manager of the defendant. Sanders at his deposition testified:

"Q Did you go because he told you to go?

"A I went because he asked me to go.

"Q And you agreed to?

"A Yes, sir.

"Q Upon the conversation that you you would be paid for it?

"A Yes.

"Q By Earnhardt Ford?

"A Yes."

Sanders and Bossey left early Friday in order to pick up the Boy Scouts. They normally worked a half a day Saturday and they were to have that day off with pay. They planned to stay with the Boy Scouts until Sunday and then drive them back.

While driving the Boy Scouts on Highway 87 north of Phoenix, at about 7:15 Friday evening, a collision occurred which plaintiffs allege was in part caused by the negligence of the defendant Larry Sanders. The defendant Earnhardt Ford was sued on the basis of respondeat superior.

Sanders was injured and filed a claim with the Industrial Commission of Arizona. Earnhardt Ford filed an "Employer's

First Report of Injury to Employee" which contained the following statement:

"24. \* \* \* Employee was helping scout troop at Presbyterian Church with transportation. Employee was doing this for own enjoyment as well as for public relations for company, and was using company car. Car which employee was driving was hit by car about seven miles south of Sunflower causing multiple injuries to back, arms, face, and internal injuries. Employee is on a monthly salary and is not paid overtime but was paid for time off."

The law is clear in Arizona that:

"A motion for summary judgment should not be granted if upon an examination of the entire record it is determined that there is a disputed fact which, if true, could affect the final judgment." Sarti v. Udall, 91 Ariz. 24, 25, 369 P.2d 92, 93 (1962).

And on appeal from a summary judgment for the defendant the facts will be viewed either as undisputed or most favorable to plaintiff's contention. Welker v. Kennecott Copper Company, 1 Ariz.App. 395, 403 P.2d 330 (1965). In the instant case whether Sanders was acting as the agent of Earnhardt is vital to the disposition of Earnhardt's standing in the court:

"Agency is a question of fact to be determined by the jury or other trier of facts unless no competent evidence legally sufficient to prove it has been introduced or the material facts from which it is to be inferred are undisputed and only one conclusion can be reasonably drawn therefrom." 3 C.J.S. Agency § 330(a), page 323.

Excluding the employer's first report of injury to the Industrial Commission we believe the facts are sufficiently disputed to make the granting of a motion for summary judgment error in the instant case. However, when the statements contained in the report of the Industrial Commission are added the result is clearly erroneous.

The employer's report was required by statute to be filed by the defendant:

"Every employer affected by the provisions of this chapter, \* \* \* shall file with the commission from time to time a full and complete report of every known injury to the employee arising out of or in the course of his employment. \* \* \*." A.R.S. § 23–908.

Our Supreme Court has stated:

"It is also a well-established rule of law that any instrument which the statute requires to be filed in a public office is admissible in evidence as a public record. \* \* \*." Mathews v. Pyle, 75 Ariz. 76, 79, 251 P.2d 893, 895 (1952).

It is for the trier of fact, be that jury or judge, to resolve the disputed fact question of agency and it was reversible error for the trial court to grant the motion for summary judgment.

Judgment reversed.

DONOFRIO, C. J., and STEVENS, J., concur.