814 P.2d 780

**LYONS ENTERPRISES, INC., an Arizona corporation, Plaintiff–Appellee,**

v.

**James A. CUSTER and Lynn Ann Custer, husband and wife; General Growth Corporation, an Arizona corporation; Custer and Company, an Arizona general partnership, Defendants–Appellants.**

**No. 1 CA–CV 89–406.**

Court of Appeals of Arizona, Division 1, Department C.

May 2, 1991.

Reconsideration Granted May 31, 1991.

---

Barry Allen Reiss, P.C. by Barry Allen Reiss, Phoenix, for defendants-appellants.

James M. LaGanke, P.C. by James M. LaGanke, Phoenix, for plaintiff-appellee.

## OPINION

EHRLICH, Presiding Judge.

Lyons Enterprises, Inc. (Lyons) sued Southwest Savings & Loan Association (Southwest Savings) and James A. and Lynn Ann Custer, General Growth Corporation, and Custer & Company (Custer) to halt a trustee sale of property and to obtain damages from Custer for alleged breaches of contract, fiduciary duties and covenants of good faith and fair dealing relating to a real estate transaction. Lyons obtained a temporary restraining order, and a hearing date was set to determine whether a preliminary injunction should be entered. Prior to that date, the trial court vacated the hearing based on a written stipulation of counsel for Lyons, Custer and Southwest Savings that a settlement had been reached. The stipulation revealed none of the terms of the settlement and stated merely that the agreement would be documented later.

Custer's attorney, Steven Lisker, agreed to write the settlement agreement. He prepared a draft of the agreement on three separate occasions, each time circulating it for comments and approval to his client and to the other counsel. Each draft showed that the agreement was to be executed by the parties and not by their attorneys. When Lisker circulated the first draft, he stated in a cover letter that his authority was limited to preparing the draft and that the content was subject to Custer's approval. The cover letters Lisker sent with the two later drafts indicated his belief that the agreement was getting close to the point where it could be finalized and signed. However, those letters also revealed that Lisker and Custer had not yet seen documents being prepared by Southwest Savings' attorney relating to financing arrangements between Southwest Savings and Custer, documents which were to be incorporated as attachments to the agreement.

After circulating the third draft, Lyons wanted the settlement to be made final. None of the drafts had been signed by anyone. When it still appeared that Custer would not sign the settlement documents, Lyons filed a motion for judgment enforcing the settlement agreement, arguing that it had reached an agreement for settlement with Custer and that Custer had impermissibly changed its mind.

Custer responded that it could not be required to sign the settlement agreement because the complete settlement which had been envisioned by the parties had not yet been reached. Part of the agreement Custer had reached with Lyons would allow the trustee sale to go forward and the property to be deeded to Custer. According to Custer, the parties understood that Custer would need to obtain favorable financing arrangements with Southwest Savings, which had made it a $2,700,000 loan and would hold a deed of trust on the property to secure payment of the loan. Custer maintained that, when it finally re-

ceived copies of the financing documents prepared by Southwest Savings' attorney, it found some of the financing terms to be unacceptable. It then indicated to Lyons that it would need to negotiate with Southwest Savings about these financial terms before the agreement could be made final. Lyons refused to wait and called off the settlement negotiations.

Lyons disputed that Custer's settlement of the financing terms with Southwest Savings had ever been part of the agreement it had reached with Custer. It also denied that it had said or done anything that would terminate the settlement negotiations.

The trial court ruled in favor of Lyons and signed a judgment, finding that "the parties [had] entered into a Settlement Agreement, which was subsequently documented by counsel, and that Plaintiff is entitled to judgment thereon." The court also ordered the parties to execute the agreement within five days after the judgment was entered and awarded attorney's fees and costs to Lyons.

Custer challenges the trial court's judgment on appeal, arguing several bases upon which the judgment should be reversed. We need consider only one of its theories for reversal, an argument Custer properly made to the trial court that the alleged settlement could not be enforced because of noncompliance with Rule 80(d), *A.R.Civ.P.* That rule provides:

> No agreement or consent between parties or attorneys in any matter is binding if disputed, unless it is in writing, or made orally in open court, and entered in the minutes.

Lyons has not argued that Rule 80(d) does not apply to settlement agreements. He argues instead that the writing requirement of Rule 80(d) was satisfied by the written stipulation of counsel that the matter had been settled. We disagree.

In *Hackin v. Rupp*, 9 Ariz.App. 354, 356, 452 P.2d 519, 521 (1969), this court noted the prevalence of a rule such as Rule 80(d) in this country.

The reason for such rules is expressed in 83 C.J.S. Stipulations § 4, at p. 4: "The rule requiring stipulations to be reduced to writing was adopted to prevent fraudulent claims of oral stipulations, and to prevent disputes as to the existence and terms of agreements and to relieve the court of the necessity of determining such disputes, which it has been said are often more perplexing than the case itself. The time of the court should not be taken up on controversial matters of this character."

A stipulation that simply states that a settlement has been reached, but does not set forth the terms of the settlement, does not serve the purpose of the rule.

In this case, Lyons and Custer apparently thought that they had reached a settlement and later tried to put the terms of that settlement in writing. Ultimately, though, Custer refused to sign the agreement because it believed that the agreement was contingent upon an agreement with Southwest Savings about financial arrangements.

An arguable basis for Custer's allegations is presented in the record. However, in order to determine not only that the parties reached an agreement but the terms of the agreement, the trial court would have to resolve the factual dispute between the parties regarding the contingency of Custer's agreement with Southwest Savings. This is precisely what Rule 80(d) was designed to avoid. No exception to the rule has been argued in this case. Therefore, we find that the trial court erred in failing to conclude that Rule 80(d) prevented enforcement of the alleged agreement.

Lyons requests an award of attorney's fees on appeal pursuant to A.R.S. § 12–341.01 and Rule 21(c), *A.R.C.A.P.* In the exercise of our discretion, we decline to award attorney's fees for this portion of the litigation.

Reversed and remanded.

FIDEL and TAYLOR, JJ., concur.