837 P.2d 750

**CANYON CONTRACTING COMPANY, Plaintiff–Appellant,**

v.

**TOHONO O'ODHAM HOUSING AUTHORITY, Defendant– Appellee.**

**No. 1 CA–CV 90–0675.**

Court of Appeals of Arizona, Division 1, Department A.

July 30, 1992.

Reconsideration Denied Oct. 2, 1992.

Ulrich, Thompson & Kessler, P.C. by Paul G. Ulrich, Phoenix, for plaintiff-appellant.

Fredericks, Pelcyger, Hester & White by John Fredericks, III, Daniel W. Hester, David A. Wolff, Dale T. White, Boulder, Colo., for defendant-appellee.

## OPINION

CONTRERAS, Presiding Judge.

In this appeal, we consider whether the trial court erred in enforcing an alleged settlement agreement between the parties and in dismissing the action on that basis. We hold that Rule 80(d), Arizona Rules of Civil Procedure, applies to the alleged settlement agreement and that questions of fact precluded its enforcement.

The trial court held no evidentiary hearing in this case, but instead based its ruling entirely upon the arguments of counsel and documentary evidence in the record. In effect, the trial court granted summary judgment regarding the existence and terms of an alleged settlement agreement. Our review of this ruling therefore requires us to determine whether the facts presented are such that reasonable people could only agree that the parties had entered into a binding, written settlement agreement. *See* Ariz.R.Civ.P. 56; *see also Orme School v. Reeves*, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990); *Hill–Shafer Partnership v. Chilson Family Trust*, 165 Ariz. 469, 472, 799 P.2d 810, 813 (1990).

## FACTUAL AND PROCEDURAL HISTORY

In May of 1988, Canyon Contracting Company ("Canyon") sued the Tohono O'Odham Housing Authority ("TOHA") for breach of a construction contract. When TOHA failed in its efforts to have the trial court dismiss the action for lack of subject matter jurisdiction, the parties commenced settlement negotiations. A settlement conference took place in June of 1989. Whether a settlement was reached at that meeting is in dispute. In any event, however, no formal written agreement was adopted by the parties at that time.

Following the June meeting, TOHA's attorney, Daniel Hester, wrote to Canyon's attorney, Robert Shull, summarizing the terms of a settlement proposal. In July of 1989, Hester drafted a proposed written settlement agreement and transmitted a copy of it to Shull and to TOHA's principals. Although the proposed settlement agreement included signature lines for Robert Pierson (Canyon's president) as well as for Shull, Hester, and Wayne Chico as a representative of TOHA, the only signature that it bears is Hester's. In September of 1989, Shull wrote a letter to Hester in which he appears to acknowledge that the case had been settled in June.

The record also indicates that the approval of the United States Department of Housing and Urban Development ("HUD") was a condition precedent to final execution of any settlement agreement. The case was twice continued on the inactive calendar by stipulation based upon the grounds that HUD had not approved the parties' "tentative agreement" as quickly as had apparently been anticipated. The

second continuance had not yet expired when Canyon filed a motion in which it asserted that settlement negotiations had broken down and requested that the court continue the case on the inactive calendar and schedule a pretrial conference so that the matter could be brought to trial.

TOHA moved to compel settlement, arguing that the parties had entered into a written settlement agreement. In response, Canyon maintained that the settlement had only been tentative and that the unanticipated delay in obtaining HUD approval had left Canyon in a position where it was no longer able to accept the settlement.

After oral argument on the parties' motions, the trial court determined that a valid and binding settlement agreement existed between the parties and ordered that the agreement be enforced according to its terms. When Canyon received the trial court's minute entry, it dismissed Shull as its attorney and substituted attorney Paul Ulrich for further proceedings. Ulrich filed a motion urging the court to reconsider and vacate its minute entry order because Shull had lacked authority to enter into a settlement agreement with TOHA and because the alleged settlement agreement failed to comply with the requirements of Rule 80(d), Arizona Rules of Civil Procedure. The trial court denied the motion and entered judgment in favor of TOHA. Canyon timely appealed.

## DISCUSSION

We begin our discussion with a consideration of Rule 80(d), Arizona Rules of Civil Procedure, which provides:

> No agreement or consent between parties or attorneys in any matter is binding if disputed, unless it is in writing, or made orally in open court, and entered in the minutes.

The trial court ruled that the parties had entered into a binding settlement agreement that complied with Rule 80(d). In reaching this determination, the trial court found that the written settlement proposal, together with the correspondence between attorneys Hester and Shull, were sufficient to satisfy the writing requirement of Rule 80(d). In the alternative, the court ruled that if the writings did not result in a binding settlement agreement, the parties would be bound by their stipulation for continuance in which they represented that the matter had been tentatively settled. Finally, the trial court found that neither the existence of a settlement agreement nor its terms were in dispute.

We first consider whether Rule 80(d) applies to settlement agreements. If it does, we must then determine whether either the existence of the settlement agreement or its terms are in dispute and, if so, whether the parties' agreement is in writing as contemplated by Rule 80(d).[1]

### Applicability of Rule 80(d)

■ Although no Arizona case expressly holds that Rule 80(d) applies to settlement agreements, this court has repeatedly assumed that it does apply in cases where its applicability was not questioned. *See, e.g., Lyons Enters., Inc. v. Custer,* 168 Ariz. 439, 441, 814 P.2d 780, 782 (App.1991); *Hackin v. Rupp,* 9 Ariz.App. 354, 356, 452 P.2d 519, 521 (1969); *see also Hays v. Fischer,* 161 Ariz. 159, 166 n. 3, 777 P.2d 222, 229 n. 3 (App.1989). In the present case, TOHA has questioned the applicability of Rule 80(d) to settlement agreements. Because the rule contains no limitations on the type of agreements to which it applies, and because sound policy reasons support application of the rule to settlement agreements, we now hold that Rule 80(d) does indeed apply to settlement agreements. *See* 83 C.J.S. *Stipulations* § 4 (1953), as cited in *Lyons,* 168 Ariz. at 441, 814 P.2d at 782, and in *Hackin,* 9 Ariz.App. at 356, 452 P.2d at 521.

■ TOHA also argues that the trial court was correct insofar as it determined that Rule 80(d) did not apply in this case

---

1. Neither party alleges that the settlement agreement was made orally in open court and entered in the minutes. Accordingly, if Rule 80(d) applies and the disputed agreement is not in writing, it is unenforceable.

because the existence and terms of the agreement are not in dispute. *See Hays,* 161 Ariz. at 166, 777 P.2d at 229 (assuming that Rule 80(d) applies to settlement agreements, it has no application when neither the existence of the agreement nor its terms are in dispute). In *Hays,* this court affirmed the trial court's enforcement of a settlement agreement entered into by an attorney with the express authority of his client.

The present case is distinguishable from *Hays* in two respects. First, Canyon has consistently disputed the existence of a final settlement agreement, maintaining instead that the agreement was only tentative and that its form was that of a settlement *proposal* to which final assent had not been given. The trial court, however, found that neither the existence of the agreement nor its terms were in dispute. The court referred to Shull's correspondence with Hester and his representations to the court in stipulations for continuance as evidencing a belief that the matter had been settled according to the terms of the unexecuted agreement.

In our opinion, however, the record contains sufficient evidence to create a genuine dispute as to whether the parties entered into a final settlement agreement. We agree that Shull's letters to Hester and his representations to the court might support an inference that the matter had been settled. That inference, however, is not conclusive. The parties' repeated references to a "tentative" and "proposed" settlement during negotiations certainly raise questions regarding their mutual intent to be bound by the terms of the unexecuted agreement. *See Hill–Shafer,* 165 Ariz. at 472, 799 P.2d at 813. Moreover, Canyon's motion for reconsideration was accompanied by an affidavit in which Pierson states unequivocally that he neither agreed to any settlement proposal on Canyon's behalf nor authorized Shull to do so.

Pierson's averment on behalf of Canyon brings us to the second point of contrast with the facts in *Hays.* Unlike the litigant in that case, Canyon denies that its attorney had authority to settle the lawsuit.

Whether an attorney has authority to bind his client in this manner is a question of fact. *Hays,* 161 Ariz. at 163, 777 P.2d at 226. Here, the trial court found that Shull had agreed to the settlement, but made no finding that Shull had authority to settle on Canyon's behalf. Pierson's affidavit unequivocally states that Shull had no such authority.

■ Nor can it be said on this record that Shull indisputably had apparent authority to settle the case. In order to enforce the agreement based upon apparent authority, TOHA would have been required to show that Canyon's conduct allowed TOHA reasonably to conclude that Shull was authorized to settle the matter. *See Miller v. Mason–McDuffie Co.,* 153 Ariz. 585, 589, 739 P.2d 806, 810 (1987). Moreover, TOHA would have had to show that its reliance upon Shull's apparent authority was reasonable. *Id.* at 590, 739 P.2d at 811. As evidence of apparent authority, TOHA points to the "entire negotiation process" and the stipulations for continuance on the inactive calendar.

Nothing in the record presently before us compels a finding that Shull had apparent authority to settle the case or that TOHA reasonably relied upon such authority. The parties have presented conflicting accounts of the June 1989 settlement conference, and reasonable minds could differ regarding the effect of Pierson's mere presence at that conference and his subsequent failure to notify TOHA directly that he had rejected the proposed terms.

We conclude that the documentary evidence before the trial court was sufficient to create a genuine dispute over whether the parties entered into a final settlement agreement. The trial court therefore erred in determining that Rule 80(d) did not apply.

### Sufficiency of the Writing

Because the existence of an agreement is in dispute, Rule 80(d) applies, and the alleged settlement agreement is enforceable only if it is in writing. In this regard, TOHA argues that the writing in this case is sufficient. TOHA points to the draft

settlement agreement sent to Shull in July of 1989 as evidence of the terms of the agreement and to Shull's letters and the parties' joint stipulations for continuance as evidence of the parties' agreement to these terms. The trial court adopted this view and also ruled that even if the writings were insufficient, the settlement should be enforced based upon Shull's avowal to the court in stipulating to have the matter continued on the inactive calendar.

In our view, however, the writings in this case do not meet the requirements of Rule 80(d) because they contain no written expression of assent by *Canyon*, as opposed to *Shull*. Nor is the avowal contained in Shull's stipulation to the court sufficient to justify enforcement of the disputed agreement. *See Lyons*, 168 Ariz. at 441, 814 P.2d at 782 ("A stipulation that simply states that a settlement has been reached, but does not set forth the terms of the settlement, does not serve the purposes of the rule.").

■ The policy behind Rule 80(d) is to relieve the trial court from having to resolve factual disputes as to the existence and terms of an alleged settlement agreement. *Id.; Hackin*, 9 Ariz.App. at 356, 452 P.2d at 521. The requirements of the rule must therefore be strictly construed. *Hackin*, 9 Ariz.App. at 356, 452 P.2d at 521.

■ Under Rule 80(d), the alleged agreement between the parties in this case is binding only if it is in writing. Although the record before us includes a detailed draft agreement and several letters outlining the terms of an agreement, it contains no writing to evidence Canyon's assent to these terms. Assent to the terms of a contract is the central question in determining the existence of a contract. *Hill–Shafer*, 165 Ariz. at 473, 799 P.2d at 814. In order to effectuate Rule 80(d)'s policy of avoiding difficult issues of proof in the context of enforcing settlement agreements, we hold that the manifestation of assent, as well as the terms of the agreement, must be in writing. *See Hackin*, 9 Ariz.App. at 355–56, 452 P.2d at 520–21 (disputed oral agreement preceding consent judgment may not undercut unambiguous judgment).

The only writings here that even arguably manifested Canyon's assent to the terms of the settlement agreement were Shull's writings. Because Shull's authority to enter into a settlement on Canyon's behalf is in question, his assent may not, on this record, be attributed to Canyon.

The trial court's judgment is therefore reversed, and the matter is remanded for further proceedings. In the exercise of our discretion, we grant Canyon's request for attorney's fees on appeal pursuant to A.R.S. section 12–341.01, in an amount to be determined upon compliance with Rule 21(c), Arizona Rules of Civil Appellate Procedure.

GRANT and GERBER, JJ., concur.