NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ZADOK ELI, et al., *Plaintiffs/Appellants*,

*v.*

PROCACCIANTI AZ II LP, *Defendant/Appellee*.

No. 1 CA-CV 20-0476
FILED 8-24-2021

Appeal from the Superior Court in Maricopa County
No. CV2018-014021
No. CV2018-055021
(Consolidated)
The Honorable Theodore Campagnolo, Judge

**AFFIRMED**

COUNSEL

Porter Law Firm, Phoenix
By Robert S. Porter
*Counsel for Plaintiffs/Appellants*

Spencer Fane LLP, Phoenix
By Andrew M. Federhar, Jessica Anne Gale
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge James B. Morse Jr. joined.

---

**C A M P B E L L**, Judge:

¶1          Zadok and Hana Eli (the "Elis") and Lamar Whitmer and Colleen London (the "Whitmers") challenge the entry of a declaratory judgment and an award of attorneys' fees in favor of Procaccianti AZ II, LP (the "Hotel"). Seeing no error, we affirm.

## BACKGROUND

¶2          The Elis, the Whitmers, and Diana Shaffer (collectively the "Homeowners") all currently own or previously owned casitas in the Scottsdale Hilton Casitas. The Homeowners lease the ground on which their houses sit from the Hotel. Since at least 2012, the Homeowners, the homeowners' association ("HOA"), and the Hotel have been engaged in litigation over the price of Homeowners' ground lease, among other issues. *See, e.g., London v. Karatz*, 1 CA-CV 15-0070, 2016 WL 5746236 (Ariz. App. Oct. 4, 2016); *Shaffer v. Procaccianti AZ II, L.P*, 1 CA-CV 16-0628 (Consolidated), 2018 WL 2306949 (Ariz. App. May 22, 2018); *Procaccianti AZ II LP v. Shaffer*, 1 CA-CV 17-0205, 2018 WL 3062109 (Ariz. App. June 21, 2018); *Whitmer v. Hilton Casitas Homeowners Ass'n*, 245 Ariz. 77 (App. 2018).

¶3          In January 2018, the Hotel asked to meet with Homeowners to negotiate a global settlement resolving all pending litigation, including appeals. Homeowners agreed, but demanded no litigation counsel be present at the meeting.

¶4          The HOA informed the Homeowners that its representative, Mike Bengson, would attend the settlement meeting. The HOA also stated it would convey its non-negotiable terms to the Homeowners before the meeting. The Elis then demanded Bengson not attend the settlement meeting, asserting he had no real authority, and warned they would walk out of the meeting if Bengson attended.

¶5          Per the Elis' demand, Bengson did not attend the meeting. The HOA did not convey its settlement demands to the Homeowners, but disclosed its demands to the Hotel before the meeting. Among the HOA's

demands was a global settlement of all pending litigation involving the Whitmers, the Elis and Mrs. Shaffer.

¶6 The Hotel's general counsel, Ron Hadar, and its chief financial officer attended the meeting. After Zadoc Eli, Tim Shaffer (on behalf of Mrs. Shaffer), and Lamar Whitmer arrived, the Hotel asked Mr. Whitmer to leave, as the Whitmers' claims only concerned the HOA, which was not present. Mr. Whitmer then left the meeting, and the Hotel did not pass along the HOA's demands to the remaining Homeowners.

¶7 Mr. Eli and Mr. Shaffer each set out their demands to resolve the various lawsuits. One of Mr. Shaffer's demands was that the Hotel agree to waive all jury verdicts and judgments entered against Mrs. Shaffer in previous litigations. Mr. Eli demanded the Hotel: (1) pay him $228,829; (2) set his ground lease at $690 per month until 2036; and (3) waive over $500,000 in attorneys' fees awarded against the Homeowners in prior cases. Hadar, representing the Hotel, wrote down each of the Homeowners demands and recited them back to the group at the end of the meeting. The parties did not exchange any draft agreements, nor did they sign any agreements. Hadar disposed of his notes soon after the meeting.

¶8 In short order, the Homeowners asserted the parties had reached an enforceable settlement agreement at the meeting. The Hotel disagreed and filed a complaint seeking a declaratory judgment to the contrary ("Declaratory Action"). The Homeowners answered and asserted counterclaims. The Homeowners also filed a separate complaint ("Tort Action") asserting substantially the same claims as their counterclaims in the Declaratory Action. The Homeowners then moved to consolidate the two cases, and the court did so.

¶9 The parties filed cross-motions for summary judgment on the claim for declaratory relief. The Hotel argued that there was no valid settlement agreement pursuant to Arizona Rule of Civil Procedure ("Rule") 80(a) and the Statute of Frauds, A.R.S. § 44-101. The Elis argued that the notes Hadar took at the meeting evidenced a binding agreement. The Hotel acknowledged that Hadar had written down the Elis' various demands, but argued that it had not acquiesced to those demands. Instead, the Hotel argued that Hadar told Homeowners at the meeting that no agreement could be made without first meeting certain conditions, including the approval of the Hotel owner, Procaccianti.

¶10 For the first time in their cross-motion for summary judgment, the Whitmers argued that they should be dismissed from the

Declaratory Action because they had been excluded from the settlement meeting. Meanwhile, Mrs. Shaffer settled her claims, reducing the Homeowners' group to the Elis and the Whitmers.

**¶11**    After briefing and argument, the court ruled there was no settlement agreement. The court reserved ruling on the Declaratory Action counterclaims, noting they will be resolved in the Tort Action. Over the Elis' and the Whitmers' objections, the court entered a declaratory judgment in favor of the Hotel, with Rule 54(b) finality language, and awarded attorneys' fees, jointly and severally, against Homeowners, in the amount of $114,255.70. The court denied the Elis' and the Whitmers' motion for a new trial, and the Elis and the Whitmers timely appealed.

## DISCUSSION

**¶12**    On appeal, the Elis and the Whitmers request that we: (1) vacate the declaratory judgment against them; (2) dismiss the Whitmers from the declaratory action; (3) vacate the attorneys' fees award against them, and (4) direct summary judgment and attorneys' fees in their favor. We decline to do so.

### A.    The Declaratory Judgment in the Hotel's Favor Was Appropriate

**¶13**    Under the Arizona Uniform Declaratory Judgments Act, the court may declare the rights, status, or legal relationships between parties with the full force and effect of a final judgment. A.R.S. § 12-1831. Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(a). We review the grant of summary judgment de novo, and we view the evidence and all reasonable inferences in favor of the non-moving party. *Wells Fargo Bank, N.A. v. Allen*, 231 Ariz. 209, 213, ¶ 14 (App. 2012). We likewise review de novo whether a settlement agreement is enforceable. *See Robertson v. Alling*, 237 Ariz. 345, 347, ¶ 8 (2015).

**¶14**    Rule 80(a) applies when there is a dispute about the existence of an agreement to resolve pending litigation. "If disputed, no agreement or consent between parties or attorneys in any matter is binding, unless: (1) it is in writing; or (2) it is made orally in open court and entered in the minutes." Rule 80(a). We review de novo the interpretation and application of court rules. *Haroutunian v. ValueOptions, Inc.*, 218 Ariz. 541, 549, ¶ 22 (App. 2008). It is undisputed that no agreement was ever pronounced in open court. Homeowners, therefore, can prevail only if they produce a writing evidencing an agreement on all of the terms of a settlement.

4

Homeowners bear the burden of proof to show all of the contractual elements have been met, including mutual assent. *See Hill-Shafer P'ship v. Chilson Family Tr.*, 165 Ariz. 469, 473–74 (1990); *Muchesko v. Muchesko*, 191 Ariz. 265, 268 (App. 1997).

¶15 The Elis first argue that Rule 80 does not apply because there is no dispute that Hadar recorded the list of Homeowners' demands. But the Hotel did not agree to those terms and told Homeowners at the time that no settlement could be reached unless and until Procaccianti agreed. Acknowledging there is a dispute about whether the Hotel placed conditions precedent to any agreement, Homeowners ask this court to remand so the superior court can hold "a trial to determine where there were any orally added conditions." But this request would eviscerate the purpose of Rule 80(a), which is to "prevent fraudulent claims of oral stipulations, and to prevent disputes as to the existence and terms of agreements and to relieve the court of the necessity of determining such disputes." *Robertson*, 237 Ariz. at 348, ¶ 13 (internal citations omitted); *see also Lyons Enter., Inc. v. Custer*, 168 Ariz. 439, 441 (App. 1991). Because there is a clear dispute about whether the Hotel placed conditions precedent to reaching any agreement, Rule 80 applies and precludes enforcement of the agreement Homeowners allege.

¶16 Alternatively, the Elis argue that even if Rule 80 does apply, Mr. Hadar's notes satisfy the writing requirement. As already explained, the Hotel only admits that Hadar's notes documented the Elis' demands, and affirmatively denies that it assented to any agreement. We affirm the superior court's order granting of summary judgment in favor of the Hotel and denying the Homeowners' cross-motion.

## B. The Whitmers Were Properly Included in the Judgment

¶17 The Whitmers argue the court erred by entering judgment against them in the declaratory action and holding them jointly and severally liable for the Hotel's attorneys' fees. The Whitmers claim that because they did not participate in the settlement meeting, they should not be held liable for fees the Hotel incurred in litigating the existence of a settlement agreement. The Hotel counters that the Whitmers were proper parties to the judgment because they had a justiciable interest in: (1) the existence of a settlement agreement, (2) the terms of any settlement agreement, and (3) the actions of the Hotel at the settlement meeting.

¶18 We agree with the Hotel. After the settlement meeting, the Homeowners' attorney, Robert Porter, repeatedly asserted that a settlement

agreement had been reached. At the time, Porter represented Mrs. Shaffer, the Elis, and the Whitmers. Although the Whitmers were not present at the meeting, their interests were interwoven with the Elis' and Shaffer's, given their shared litigation history. *See Shaffer*, 2018 WL 2306949, at *3, ¶¶ 10–11. Because of the Homeowners' joint representation and overlapping interests, the Hotel brought its Declaratory Action against all of them. Had the Whitmers wished to be dismissed from the Declaratory Action because they were not parties to any settlement agreement, they should have filed a Rule 12(b)(6) motion to dismiss, or at least raised an affirmative defense in their answer. Instead, the Whitmers joined the other Homeowners in their answer to the complaint, defending against the Declaratory Action.

¶19            The Whitmers also joined the other Homeowners in asserting counterclaims against the Hotel that were dependent on the court finding an enforceable agreement was reached at the meeting. In their counterclaims, the Whitmers asserted the Hotel had an obligation to communicate the HOA's settlement offer to the Homeowners, and alleged they would have agreed to the HOA's offer had the Hotel informed them of the terms. The Whitmers sought benefit-of-the-bargain damages based on an alleged missed opportunity to settle with the HOA. However, the record shows that the HOA had no interest in settling anything less than all of the outstanding cases with Homeowners. Instead, the HOA wanted a global settlement disposing of all claims and all parties. That being the case, to be entitled to benefit-of-the-bargain damages, the Whitmers would need to establish that the Hotel and the HOA would have settled not only with them, but with all of the Homeowners. In sum, because the Whitmers' tort claims were premised on the existence of a contract, namely, the purported settlement agreement, they had an actual stake in the outcome of the Declaratory Action. They therefore were proper parties to the judgment.

¶20            It was not until the Homeowners' cross-motion for summary judgment that the Whitmers first asked to be dismissed from the Declaratory Action. The Whitmers cannot actively defend the settlement agreement, presumably in order to protect their incidental benefits therefrom, and then seek to avoid an attorneys' fee award after receiving an adverse judgment. We affirm the court's declaratory judgment and allocation of attorneys' fees against the Whitmers.

## CONCLUSION

¶21            The judgment of the superior court is affirmed. The Hotel requests its attorneys' fees on appeal under A.R.S. § 12–341.01, § 12-349, and ARCAP 25. The Elis and the Whitmers request their attorneys' fees

under A.R.S. § 12-341.01. The Hotel successfully defeated the Homeowners' claim that the parties had reached a settlement agreement. We grant the Hotel its reasonable attorneys' fees against the Homeowners (Elis and the Whitmers), jointly and severally, after the Hotel's compliance with ARCAP 21.   A.R.S. § 12-341.01; *see also Rogus v. Lords*, 166 Ariz. 600, 603-04 (App. 1991) (a dispute over the existence of a contract is a contract matter).



AMY M. WOOD • Clerk of the Court
FILED:    AA